CHUCK CALLAHAN FORD, INC., Continental Casualty Co., and Property Damage Appraisers of Indianapolis, Inc., Appellants-Defendants,

v.

William WATSON, Appellee-Plaintiff.

No. 4–981A117.

Court of Appeals of Indiana, Fourth District.

Dec. 9, 1982.

Rehearing Denied Jan. 27, 1983.

Raymond I. Klagiss, Richard H. Crokin, Indianapolis, for appellant-defendant, Property Damage Appraisers of Indianapolis, Inc.

Richard J. Dick, Mitchell, Hurst, Pinkus, Jacobs & Dick, Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Property Damage Appraisers of Indianapolis, Inc. (PDA) appeals the jury verdict rendered against it in favor of William Watson (Watson).

We affirm.

ISSUES

1. Did the trial court err in granting Watson's Motion in Limine?

2. Did the trial court commit reversible error when it refused to permit PDA to impeach its own witness?

3. Did the trial court err in refusing to give PDA's tendered instruction number one and by giving instructions numbered three, four and ten?

FACTS

On May 22, 1977, the left front fender and tire of Watson's van was hit by a car insured through Continental Casualty Company (CNA). CNA hired PDA to make an estimate of the necessary repairs and cost. PDA's employee made such an estimate and Chuck Callahan Ford, Inc. (Ford) began the repairs. While waiting for steering repair parts to arrive, Watson took possession of the van and used it as transportation to work. On July 9th, the left front wheel came off while Watson was driving.

Watson filed suit against Ford, CNA and PDA. A settlement was reached with Ford prior to trial. The jury returned a verdict in Watson's favor against PDA for $19,000 and against Watson in favor of CNA.

PDA appeals the judgment.

DISCUSSION AND DECISION

### I. MOTION IN LIMINE

On April 28, 1981, immediately prior to trial, the trial court heard arguments on a motion in limine filed by Watson. It granted the motion in part. In effect, the motion prohibited two of PDA's prospective witnesses from testifying. The court apparently based its decision on PDA's failure to provide Watson with any kind of witness list until 4 days prior to trial. PDA argues this was error and the maximum remedy available to Watson due to this lack of notice was a continuance. Watson argues this issue is not preserved for appeal because it was too generally stated in PDA's Motion to Correct Errors. PDA argues the error was stated with enough specificity to make the trial court aware of the issue.

In its motion to correct errors, PDA stated the court's granting of the motion in limine was "contrary to law." Ind. Rules of Procedure, Trial Rule 59(D)(2) provides in part, "Each claimed error shall be stated in specific rather than general terms, and shall be accompanied by a statement of the facts and grounds upon which the errors are based." Watson's argument the allegation of error was too general is well taken.[1] However, because we prefer to decide an appeal on its merits, we will consider this issue. *Cunningham v. Hiles,* (1979) Ind.App., 395 N.E.2d 851. *See also In Re Adoption of Thomas,* (1982) Ind.App., 431 N.E.2d 506 (Per Conover, J., with Miller, P.J., concurring in result).

Our review of the merits reveals no error. PDA was ordered to produce a list of witnesses by October 1, 1980. It did not do so. Four days prior to trial, Watson was informed of the names of two proposed expert witnesses which PDA intended to call. The sanctions available to a trial court when a party fails to comply with a discovery order are within its sound discretion. *City of Evansville v. Rieber,* (1979) Ind. App., 385 N.E.2d 217; *Hirsch v. Merchants National Bank & Trust Co.,* (1975) 166 Ind.

---

1. PDA argues Watson cannot object to the generality of the argument due to his filing a motion for an extension of time in which to file his brief in this court. Contrary to this argument, Ind.Rules of Procedure, Appellate Rule 14(B) only prohibits motions to dismiss and other dilatory motions after an extension of time. *Clyde E. Williams and Associates, Inc. v. Boatman,* (1978) Ind.App., 375 N.E.2d 1138.

App. 497, 336 N.E.2d 833, and see Ind.Rules of Procedure, Trial Rule 37(B)(2)(b) and (c).

 Under our standard of review, we will not reverse a discretionary decision of a trial court unless a manifest abuse of discretion is shown. *Cua v. Ramos,* (1982) Ind., 433 N.E.2d 745; *Crocker v. State,* (1978) 177 Ind.App. 131, 378 N.E.2d 645. Under the facts here, the trial court did not abuse its discretion.

On September 29, 1980, the court ordered the parties to submit witness lists prior to October 1. PDA never complied with the order. It never offered an explanation for its noncompliance. No evidence was presented PDA discovered these witnesses only just prior to trial. The trial court's action was not an abuse of discretion.

## II. IMPEACHMENT

Next, PDA argues the trial court erred by refusing to permit PDA to impeach its own witness, an employee of the settling co-defendant Ford, as to unexpected testimony inconsistent with his prior deposition and as to the loan receipt agreement executed between Watson and Ford. However, as Watson accurately points out, PDA made no offer to prove on either subject. Thus, any error is waived. *State v. Church of the Nazarene,* (1978) 268 Ind. 523, 377 N.E.2d 607; *In Re the Estate of Ballard,* (1982) Ind.App., 434 N.E.2d 136; *Freson v. Combs,* (1982) Ind.App., 433 N.E.2d 55; *Carroll v. Ely,* (1980) Ind.App., 398 N.E.2d 1364.

## III. INSTRUCTIONS

Finally, PDA argues the trial court erred in refusing to give its tendered instruction number one and by giving instructions numbered three, four and ten. Tendered instruction number one concerned the plaintiff's burden of proof. Furthermore, the tendered instruction inaccurately limited the theories of recovery and stated as a matter of law a fact which needed to be determined by the jury. There was no error here.

As to instructions numbered three, four and ten, we note our supreme court's recent decision in *Forrester v. State* (1982) Ind., 440 N.E.2d 475:

Defendant contends that the trial court erred in giving preliminary instructions numbered 8 and 12. He has failed, however, to set forth the "verbatim objections" made at trial as required by Ind.R. App.P. 8.3(A)(7). We, therefore decline to treat the issues other than to state that we have reviewed the instructions, the objections and the authority cited and have considered his arguments. We find the assignments of error to be without merit.

*Id.* at 479. A similar situation exists here. PDA did not set out its verbatim objections in its brief and we are unable to readily locate them in the record. Therefore, we refuse to address the issues except to state they are without merit.

Judgment affirmed.

MILLER, J., concurs.

YOUNG, P.J., concurs in result.