**Patricia B. DAUB and Lloyd G. Daub, Appellants–Plaintiffs,**

v.

**Richard DAUB and Patricia Daub, Appellees–Defendants.**

No. 73A01–9308–CV–282.

Court of Appeals of Indiana,
First District.

Feb. 22, 1994.

Transfer Denied June 20, 1994.

Charles E. Johnson, Indianapolis, for appellants-plaintiffs.

Lawrence W. Gaston, Jr., Indianapolis, for appellees-defendants.

ROBERTSON, Judge.

This is an appeal from a judgment on the evidence granted in favor of the defendants below in an action brought for back injuries allegedly sustained when the plaintiff Daub slipped in snow and ice which had accumulated on her in-laws' patio. The plaintiff-appellants Daub assert error in the trial court's decision to exclude both parties' witnesses and exhibits, because neither party had filed a witness or exhibit list as directed in a pretrial order, and in the granting of judgment on the evidence. We affirm.

I.

Indiana Trial Rule 16 contemplates the entry of a comprehensive order incorporating, among other things, the identification of witnesses and exhibits, and other matters to which the parties and the court have agreed concerning the conduct of the trial and disposition of the action. *Radio Distributing Co. v. The National Bank & Trust Co.* (1986), Ind.App., 489 N.E.2d 642, 646. Once the comprehensive order is entered, it controls the subsequent course of action unless modified to prevent manifest injustice. *Id.;* Ind.Trial Rule 16(J).

In considering whether to permit a modification from the pretrial order, the trial court considers both the danger of surprise or prejudice to the opponent and the goal of doing justice to the merits of the claim. *Id.* The court may also consider the extent to which permitting a late amendment will disrupt an orderly and efficient trial of the case or of other cases in the court and whether there has been bad faith or willfulness in failing to comply with the court's existing order. *Id.* Where repeated opportunity has been afforded a party by extensions and rescheduling to meet the requirements of T.R. 16 and, without excuse or justification, a party fails to fulfill his obligations, the goal of doing justice on the merits becomes a less compelling consideration. *Id.*

The question of whether particular witnesses or exhibits should be excluded from evidence because they have not been submitted in a list of witnesses and exhibits is committed to the discretion of the trial court. *Riehle v. Moore* (1992), Ind.App., 601 N.E.2d 365, 370, *trans. denied. See also Brown v. Terre Haute Regional Hospital* (1989), Ind.App., 537 N.E.2d 54, 57; *Chuck Callahan Ford, Inc. v. Watson* (1983), Ind. App., 443 N.E.2d 79, 80. Under our standard of review, we will not reverse a discretionary decision of a trial court unless a manifest abuse of discretion is shown. *Id.* at 81. In discovery rulings, the law affords the trial judge latitude; we will not reverse on appeal unless we are persuaded that the trial court's decision is clearly against the logic and effect of the circumstances before the court. *Riehle,* 601 N.E.2d at 370.

The record reflects that, following the pretrial conference held in this matter on February 6, 1992, the parties submitted a pretrial order for approval in which they agreed that witness and exhibit lists should be filed by August 7, 1992. Seven possible trial dates were listed in the order, the first being December 7, 1992. The order provid-

ed that "all of the above pre-trial dates will automatically roll over to come to the same number of days before any subsequent trial date as those dates now appear before the initial trial date of December 7, 1992, in case that December 7, 1992 trial date is not reached." Thus, by its terms, the order permitted extensions but left sufficient time for adequate preparation.

The cause went to trial on June 7, 1993, the second possible trial date set forth in the pretrial order. The cause had been listed as the tenth choice for that date. The plaintiffs Daub did not comply with the first date explicitly set for the filing of witness and exhibit lists and did not take advantage of the extension provided as a consequence of the second trial setting but rather filed their first "preliminary" list on May 12, 1993, less than thirty days before the scheduled trial. The plaintiffs Daub did not seek an extension of time or ask leave to file a belated list, or provide the court with any explanation for their late filing.

The plaintiff-appellants argue that the court's ruling which permitted each side to call only the parties as witnesses is reversible error because the defendants Daub knew two years prior to the filing of the plaintiffs' witness list that Dr. Levine would be a witness. They maintain that the defendants should have derived this knowledge from their answers to the defendants' interrogatories.

We agree with the defendants Daub that this argument is not well taken. The plaintiffs specifically stated in their answers to the interrogatories that their "witness list and expert witness list [had] not yet [been] compiled." In response to another question, the Daubs represented that they would attach a list of physicians to the interrogatories, but what is in fact attached is a list of all of Mrs. Daub's health care providers, with apparently the date of treatment and the charge for the service or prescription. Fourteen medical or chiropractic offices are listed. Dr. Levine is not identified in the interrogatories as Mrs. Daub's "regular physician;" nor is his role in Mrs. Daub's treatment clear either from her depositions or trial testimony.

Thus, contrary to the plaintiffs' assertions and the plain intent of the pretrial order, the defendants were not given an adequate opportunity to discover the plaintiffs' case. The order contemplated that the plaintiffs would identify their witnesses and exhibits with particularity 120 days before trial, a period of time which we note *the parties* had agreed would fairly permit preparation for trial. The matter had been pending for over two years when it finally made its way to a pretrial conference. It was not clearly against the logic and effect of the facts and circumstances before the court, in the absence of explanation or justification, to hold the parties to their agreement and proceed to trial as scheduled.

■ We would add that, while it superficially appears the plaintiffs were prejudiced by the court's order excluding Dr. Levine's testimony, we are not prepared to draw that conclusion in the absence of an offer to prove showing the nature of the testimony Dr. Levine would have proffered. Mrs. Daub's description of the incident which she alleged caused her injury establishes that she slipped but did not fall and felt no pain at the time. She first attributed the soreness in her back which she experienced two days later as related to the bending and straightening she did at her son's school while photocopying a large amount of materials. Mrs. Daub admitted at trial that she had a pre-existing back condition and did not obtain medical treatment immediately following the slip. Dr. Levine's testimony might fill this evidentiary void; the responsibility to show that it does lies with the plaintiffs-appellants. The appellants Daubs' failure to make an offer to prove precludes us from assessing the extent of the prejudice which resulted from the court's ruling and leaves any alleged error improperly preserved for review. *See Wiseheart v. State* (1986), Ind., 491 N.E.2d 985, 991.

## II.

■ The plaintiffs Daub argue that Mrs. Daub's testimony alone is sufficient to permit the case to be tried by a jury. The trial court found the Daubs' case lacking on the element of proximate cause. Specifically, the

court indicated that in light of the nature of the evidence in the case, the plaintiff could not prove that the slip was the cause of her injuries without expert medical testimony; that the plaintiff had not shown her medical expenses to be causally related to the slip; and, that she had not shown her medical expenses to be necessary and reasonable.

Concerning the event which led to her injury, Mrs. Daub testified that as she was proceeding across the defendants' patio, she felt herself starting to slip so she grabbed the nearest thing which was a fence. She did not "fall all the way." At the time, she did not feel pain, only a little jerk. Toward the end of the following day, after she had spent several hours photocopying materials at her son's school, Mrs. Daub felt her lower back stiffening and put a hot pad on it. She "just kind of associated it with bending over and standing up."

Mrs. Daub did not seek medical care immediately, but subsequently obtained chiropractic treatments which gave her no relief. She was hospitalized for ten days, was placed in traction and physical therapy, and had two surgeries on her back. After the second surgery, Mrs. Daub slipped a second time and fell at Cub Foods. Her claim against Cub Foods was settled for medical expenses. Mrs. Daub admitted that she had gained 20 to 30 lbs. since the "accident" and had had minor back problems before the accident. She had been hit by a car when she was sixteen and had sustained a whiplash injury in 1975. The record contains no other evidence concerning the nature of Mrs. Daub's back ailment, the treatment she received for the ailment or its cause. Thus, the most that we can glean from Mrs. Daub's testimony is that she began experiencing lower back pain and underwent two back surgeries, and that the occurrence of her pain coincided temporally with the incident.

In a jury trial, a court should withdraw the issues from the jury and enter judgment on the evidence in favor of the defendants when, at the close of the plaintiffs' evidence, there is a total absence of evidence or reasonable inferences on at least one essential element of the plaintiffs' case. *Id.* The standard of review for a challenge to a ruling on a motion for judgment on the evidence is the same standard utilized by the trial court in making its decision. We look only to the evidence and reasonable inferences therefrom most favorable to the nonmoving party. The motion should be granted only where there is no substantial evidence supporting an essential element of the claim. Ind.Trial Rule 50(A); *Bals v. Verduzco* (1992), Ind., 600 N.E.2d 1353, 1357.

An essential element in a cause of action for negligence is the requirement of a reasonable connection between a defendant's conduct and the damages which a plaintiff has suffered. *Cowe v. Forum Group, Inc.* (1991), Ind., 575 N.E.2d 630, 635. This element requires, at a minimum, causation in fact—that is, that the harm would not have occurred "but for" the defendants' conduct. The "but for" analysis presupposes that, absent the tortious conduct, a plaintiff would have been spared suffering the claimed harm. *Id.*

Hence, in order for the plaintiff to carry her burden of proof, she must present evidence of probative value based on facts, or inferences to be drawn from the facts, establishing both that the wrongful act was the cause in fact of the occurrence and that the occurrence was the cause in fact of her injury. *See Palace Bar, Inc. v. Fearnot* (1978), 269 Ind. 405, 381 N.E.2d 858, 861. The plaintiff's burden may not be carried with evidence based merely upon supposition or speculation. *Id.* Standing alone, evidence establishing a mere possibility of cause or which lacks reasonable certainty or probability is not sufficient evidence by itself to support a verdict. *Noblesville Casting Division of TRW, Inc. v. Prince* (1982), Ind., 438 N.E.2d 722, 731. Civil liability may not be predicated purely upon speculation. *Id.*

When an injury is objective in nature, the plaintiff is competent to testify as to the injury and such testimony may be sufficient for the jury to render a verdict without expert medical testimony. *Antcliff v. Datzman* (1982), Ind.App., 436 N.E.2d 114, 121; *Morphew v. Morphew* (1981), Ind.App., 419 N.E.2d 770, 771. Ordinarily, however, the question of the causal connection be-

tween a permanent condition, an injury and a pre-existing affliction or condition is a complicated medical question. *See Noblesville Casting Division,* 438 N.E.2d at 732. When the issue of cause is not within the understanding of a lay person, testimony of an expert witness on the issue is necessary. *Terre Haute Regional Hospital,* 537 N.E.2d at 61; *Watson v. Medical Emergency Services* (1989), Ind.App., 532 N.E.2d 1191, 1196 n. 2, *trans. denied.* An expert, who has the ability to apply principles of science to the facts, has the power to draw inferences from the facts which a lay witness or jury would be incompetent to draw. *See Davis v. Schneider* (1979), 182 Ind.App. 275, 395 N.E.2d 283, 290. But, even an expert's opinion, in conjunction with other evidence, may be so lacking in probative value as to be insufficient to support a verdict. *See Strong v. State* (1989), Ind., 538 N.E.2d 924, 930.

Mrs. Daub's testimony standing alone suffers from this deficiency; it is so lacking in probative value on the question of cause in fact that it offers the jury at best only the mere possibility that her back ailment was in fact caused by the slip Mrs. Daub experienced at her in-laws. The distinctions between Mrs. Daubs' various back problems are not objectively discernible, even to Mrs. Daub. The temporal congruity which Mrs. Daub recognized between the slip and her lower back pain is admittedly some evidence of causation, which when coupled with a diagnosis of the nature of her ailment, and an application of scientific principles by one knowledgeable in the treatment of the ailment, may be sufficient to permit a jury to find for the Daubs without resort to speculation. But, in the absence of that additional evidence, Mrs. Daubs' lay report of the facts which she experienced first-hand amounts to nothing more than her own hypothesis that her back ailment was caused by the slip. Alone, Mrs. Daub has established nothing more than the facts which make up her allegation.

No reasonable inference that her in-laws' failure to keep their patio cleared of snow and ice was the proximate cause of Mrs. Daub's lower back problems can be drawn from the testimony of record. Accordingly, the trial court correctly concluded that the Daubs had failed to prove their case and properly granted the defendants a judgment on the evidence.

Judgment affirmed.

NAJAM and CHEZEM, JJ., concur.