Clyde ROBERSON, Appellant–Plaintiff,

v.

Bonnie M. HICKS, the Indiana Association of Seventh–Day Adventists, Inc. and Indianapolis Junior Academy of Seventh–Day Adventists, Appellee–Defendant.

No. 49A05–9707–CV–272.

Court of Appeals of Indiana.

May 12, 1998.

Randall R. Shouse, Shouse & Langlois Legal Services, Indianapolis, for Appellant–Plaintiff.

Raymond L. Faust, Norris, Choplin & Schroeder, Indianapolis, for Appellee–Defendant.

## OPINION

RATLIFF, Senior Judge.

### Case Summary

In this personal injury action, Appellant–Plaintiff, Clyde Roberson, appeals from the trial court's ruling on a motion for judgment on the evidence in favor of Appellee–Defendants, where judgment was entered following Roberson's case-in-chief. We reverse and remand.

### Issues

Roberson raises one issue for our review, which we restate as whether the trial court erred in concluding that Roberson had failed to present substantial evidence establishing a causal link between the accident and his subsequent injuries.

### Facts and Procedural History

The facts are as follows: on September 20, 1991, Roberson was involved in an automobile accident with a school bus driven by Bonnie Hicks in the course of her employment with the Indiana Association of Seventh–Day Adventists, Inc. and the Indianapolis Junior Academy of Seventh–Day Adventists. Roberson began to experience pain five days after the accident. Approximately one month later, Roberson saw his family physician for pain in his back and leg, and received treatment for the pain thereafter. In 1993, Roberson was diagnosed with multiple sclerosis.

Prior to trial, Defendants moved for a partial summary judgment determining as a matter of law that Roberson's multiple sclerosis was not proximately caused by the accident at issue. In support of the motion, Defendants designated portions of the deposition of Robert J. Alonso, M.D., who had conducted an independent examination of Roberson and testified multiple sclerosis is rarely, if ever, caused by trauma, and specifically, that the accident in issue did not cause Roberson's multiple sclerosis. Roberson did not offer any medical evidence in opposition, and the trial court granted the Defendants' motion.

The case was tried to a jury. The deposition testimony of Roberson's family physician, L.T. Gates, M.D., was read into evidence. Dr. Gates was unable to say to a reasonable degree of medical certainty that Roberson's pain was caused by the accident, but did testify that the pain Roberson experienced following the accident was consistent with either the early symptoms of multiple sclerosis or injuries resulting from a motor vehicle accident. R. 20–21. Roberson testified that approximately five days after the accident, he began to experience pain in his legs and back, which pain was different from the pain he now experiences as a result of the multiple sclerosis. R. 44–45, 92–94. At the conclusion of Roberson's case-in-chief, Defendants moved for a judgment on the

evidence, arguing that Roberson had failed to prove that his injuries were caused by the accident and not his multiple sclerosis. The trial court granted the motion.

### Discussion and Decision

Roberson argues that he offered sufficient evidence from which the jury reasonably could find causation, and therefore, the trial court erred in granting Defendants' motion for judgment on the evidence and taking the case from the jury.

On appeal, we apply the same standard of review as the trial court in determining the propriety of a judgment on the evidence, and look only to the evidence and reasonable inferences therefrom most favorable to the non-moving party. *Clark v. Wiegand,* 617 N.E.2d 916, 918 (Ind.1993). When the defendant moves for judgment on the evidence at the close of the plaintiff's case in a jury trial, the motion should be granted only where an issue in the case or an essential element of the claim is not supported by sufficient evidence. *See* Ind.Trial Rule 50(A); *Daub v. Daub,* 629 N.E.2d 873, 877 (Ind.Ct.App.1994). In other words, the court should withdraw the case from the jury only if there is a complete failure of proof on at least one essential element of the plaintiff's case. *Johnson v. Naugle,* 557 N.E.2d 1339, 1342 (Ind.Ct.App.1990). If there is any probative evidence or reasonable inference to be drawn therefrom or if there is evidence which would allow reasonable people to differ as to the result, judgment on the evidence is improper. *Van Bree v. Harrison County,* 584 N.E.2d 1114, 1116 (Ind.Ct.App.1992).

An essential element in a cause of action for negligence is the requirement of a reasonable connection between a defendant's conduct and the damages which the plaintiff has suffered. *Cowe v. Forum Group, Inc.,* 575 N.E.2d 630, 635 (Ind.1991). This element requires, at a minimum, causation in fact—that is, that the harm would not have occurred "but for" the defendant's conduct. *Id.* The plaintiff's burden may not be carried with evidence based merely upon supposition or speculation. *Palace Bar, Inc. v. Fearnot,* 269 Ind. 405, 409, 381 N.E.2d 858, 861 (1978).

When an injury is objective in nature, the plaintiff is competent to testify as to the injury and such testimony may be sufficient for the jury to render a verdict without expert medical testimony. *Antcliff v. Datzman,* 436 N.E.2d 114, 121 (Ind.Ct.App.1982). Ordinarily, however, the question of the causal connection between a permanent condition, an injury and a pre-existing condition is a complicated medical question. *Noblesville Casting Div. of TRW, Inc. v. Prince,* 438 N.E.2d 722, 732 (Ind.1982). When the issue of cause is not within the understanding of a lay person, expert witness testimony on the issue is necessary. *Brown v. Terre Haute Regional Hosp.,* 537 N.E.2d 54, 61 (Ind.Ct. App.1989). Standing alone, an expert opinion which lacks reasonable probability is not sufficient to support a verdict. *Noblesville Casting Div.,* 438 N.E.2d at 731. However, "an expert's opinion that something is 'possible' or 'could have been' may be sufficient to sustain a verdict or award" when rendered in conjunction with other, probative evidence establishing the material factual question to be proved. *Id.*

We have previously addressed the propriety of granting a judgment on the evidence in a case such as this. *See Smith v. Beaty,* 639 N.E.2d 1029 (Ind.Ct.App.1994); *Daub v. Daub,* 629 N.E.2d 873 (Ind.Ct.App.1994). In *Smith,* the plaintiff's van blew a tire and rolled twice before coming to rest upside down. While Smith was trapped in the van, which was partially obstructing the roadway, a semi-tractor trailer driven by the defendant collided with the van, causing it to spin and roll onto its side. At trial, Smith presented expert medical testimony by his treating physician. However, the doctor was unable to say to a reasonable degree of medical certainty whether the rolling of the van or the impact of the semi caused Smith's injuries. Smith testified that prior to the collision, he was able to call for help and to attempt to free himself from his seat belt, and that he felt severe pain only after the semi collided with his van. A motorist who stopped to assist Smith prior to the collision testified that Smith did not complain of pain until after the collision. The trial court granted the defendant's motion for judgment on the evidence. We reversed, holding that

"a lay person would be competent to draw inferences from these facts and determine that [the defendant's] conduct was *a* cause of Smith's injuries." 639 N.E.2d at 1034 (emphasis in original). Although Smith's doctor was unable to say to a reasonable degree of medical certainty which event caused Smith's injuries, the testimony of Smith, the doctor, and the passing motorist together established a prima facie showing that Smith's injuries were caused by the collision. *Id.* at 1034–35.

In contrast, in the case of *Daub,* the plaintiff slipped as she crossed her in-laws' patio but managed to grab a nearby fence to keep herself from falling to the ground. She felt no pain until late the next day, when her back began to stiffen after several hours of bending and straightening while photocopying a large amount of materials. She subsequently obtained chiropractic treatment, was hospitalized for several days, was placed in traction, underwent physical therapy, and had two surgeries on her back. She had significant pre-existing conditions and subsequent injuries. The only evidence offered at trial was the testimony of the plaintiff and the defendant. The trial court granted a judgment on the evidence in favor of the defendants. On appeal, we affirmed, holding that "in the absence of additional evidence, [the plaintiff's] lay report of the facts which she experienced first-hand amounts to nothing more than her own hypothesis that her back ailment was caused by the slip." 629 N.E.2d at 878.

■ Not surprisingly, Roberson contends that the facts of his case are more akin to that of *Smith,* while Defendants align the facts of this case more closely with *Daub.* We are inclined to agree with Roberson. Here, as in *Smith,* although Dr. Gates was unable to say to a reasonable degree of medical certainty that the accident caused Roberson's pain, Roberson was able to testify that he felt pain only after the accident, and that it was a different kind of pain from that which he now experiences as a result of his multiple sclerosis. Dr. Gates was able to testify that the pain Roberson experienced after the accident was consistent with injuries one could receive in a motor vehicle accident. Further, the medical testimony designated by the Defendants, and uncontro-

verted by Roberson, was that trauma rarely, if ever, triggers multiple sclerosis. It is therefore unlikely that the pain Roberson began to experience just five days after the accident was an early stage of multiple sclerosis, if he had never experienced that pain before. The defendant's act need not be the sole cause of the plaintiff's injuries. *Lucas v. Dorsey Corp.,* 609 N.E.2d 1191, 1199 (Ind.Ct. App.1993). The essential question is whether the defendant's wrongful act is one of the proximate causes rather than a remote cause, and that is generally a question for the trier of fact. *Id.* From Roberson's own testimony, the jury could have inferred causation.

We cannot say that there was a complete failure of proof on the causation element of Roberson's negligence claim. Therefore, we hold that Defendants' motion for judgment on the evidence was improperly granted by the trial court. The judgment of the trial court is reversed and we remand with instructions to grant a new trial.

RUCKER and DARDEN, JJ., concur.