**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**THEODORE W. WALTON**
Clay Frederick Adams PLC
Louisville, Kentucky

ATTORNEYS FOR APPELLEE:

**RODNEY L. SCOTT**
**TRICIA KIRKBY HOFMANN**
Waters, Tyler, Hofmann & Scott, LLC
New Albany, Indiana

FILED

May 18 2012, 9:35 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MADELINE JONES, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 10A01-1108-CT-00348 |
| | ) | |
| JOHN W. TOWNSEND, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE CLARK SUPERIOR COURT
The Honorable Jerome F. Jacobi, Judge
Cause No. 10D02-1002-CT-108

**May 18, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Madeline Jones ("Jones") filed a complaint in Clark Superior Court against John Townsend ("Townsend") alleging that he negligently caused a car accident resulting in personal injury to Jones. A jury trial was held, and the jury found in favor of Townsend. Jones now appeals and raises several issues, which we restate as:

I. Whether the jury's verdict must be set aside because Townsend admitted that his operation of his vehicle was a cause of the accident at issue, and

II. Whether the trial court abused its discretion in instructing the jury that they could disregard certain evidence.

We affirm.

**Facts and Procedural History**

On January 23, 2008, Jones and Townsend were involved in an automobile accident on U.S. 31 in Jeffersonville, Indiana. When the accident occurred, Townsend was attempting to make a left-hand turn onto southbound U.S. 31 from Coopers Lane, a roadway that intersects with U.S. 31. Traveling westbound on Coopers Lane, there is a stop sign at railroad tracks located adjacent to U.S. 31 and another stop sign at the intersection of U.S. 31 and Coopers Lane. Approximately fifty yards south of the intersection of U.S. 31 and Coopers Lane, another roadway named Old Potters Lane intersects with U.S. 31. The portion of U.S. 31 where the accident occurred has one travel lane in each direction and an emergency lane located to the outside of the travel lanes.

Before making his left-hand turn, Townsend stopped at the stop sign at U.S. 31 and Coopers Lane. He looked south (or to the left) and saw two large northbound trucks pulling into the emergency lane so that the trucks could proceed eastbound on Coopers

2

Lane. When he looked north (or to the right), he observed a school bus proceeding southbound, but the bus had stopped and was waiting to make a left-hand turn onto Coopers Lane. The bus driver waved to Townsend presumably indicating that he could turn in front of the school bus.[1] Townsend then quickly looked left and right once again and did not see any oncoming traffic in either direction. He then began to turn left onto southbound U.S. 31.

As he pulled into the intersection, his vehicle was struck on the front driver's side by Jones, who was traveling northbound on U.S. 31. Townsend stated he never saw Jones's vehicle before impact and his approximate speed was five miles per hour when the accident occurred.

Jones's vehicle suffered damage to the front bumper and hood closer to the driver's side. Jones did not request medical attention at the scene, but drove herself to the emergency room shortly after the accident occurred with complaints of left knee pain. Despite physical therapy, pain medication, injections, and surgery, Jones claims her knee pain has never resolved. She also claims she suffered from neck and back pain following the accident.

On January 20, 2010, Jones filed a complaint in Clark Superior Court against Townsend alleging that she suffered personal injury as a result of his negligent operation of his vehicle. A jury trial was held on May 31, 2011. At trial, Jones testified that she

---

[1] Pursuant to a recent decision of our court, the school bus driver in this case could be held liable for causing the accident at issue. Key v. Hamilton, 963 N.E.2d 573 (Ind. Ct. App. 2012), trans. pending. The author of this opinion dissented from the majority's opinion in Key and would have held that "a driver who signals to another driver to proceed through an intersection owes no duty to a third party with whom the signaled driver collides." Id. at 592.

had been traveling northbound on U.S. 31 and the only vehicle she observed on the highway at the time of the accident was the school bus traveling southbound. She stated that she saw Townsend's truck on Coopers Lane and observed that he failed to stop at the intersection of Coopers Lane and U.S. 31. She testified that she slammed on her brakes but there was nothing she could do to avoid the collision. Jones stated that she was driving forty to forty-five miles per hour when Townsend struck her vehicle.

After the one-day jury trial, the jury entered a verdict in favor of Townsend. Jones then filed a motion to correct error alleging several errors in the jury instructions and that the judgment was against the weight of the evidence and contrary to law. In response, Townsend argued that even though he "admitted he was 'a cause' of the accident, he introduced evidence disputing [Jones's] contention that she possessed the right-of-way and showing that [Jones] was negligent." Appellant's App. p. 197. On July 19, 2011, the trial court denied Jones's motion to correct error. Jones now appeals.

## I. The Jury's Verdict

Jones's argues that the jury's verdict that Townsend "was not at fault" is inconsistent with Townsend's admission that "his operation of his motor vehicle was a cause of the January 23, 2008 accident. . . . The jury's decision simply cannot be reconciled with Townsend's stipulation." Appellant's Br. at 7 (citing Appellant's App. pp. 8, 17). And Jones contends that even absent Townsend's admission, Townsend was at fault as a matter of law.

To prevail on a claim of negligence, the plaintiff must prove (1) a duty owed by the tortfeasor to the tort victim, (2) a breach of that duty, and (3) an injury to the tort

4

victim proximately caused by the breach." Spangler v. Bechtel, 958 N.E.2d 458, 467-68 (Ind. 2011). From our review of the record we surmise that Townsend presented two defenses to Jones's negligence claim: 1) that Jones's operation of her vehicle was also a cause of the accident and 2) that the accident did not proximately cause Jones's injuries.[2]

To prove a claim of negligence, the plaintiff must present evidence based upon more than mere supposition or speculation. See Topp v. Leffers, 838 N.E.2d 1027 (Ind. Ct. App. 2005), trans. denied. Negligence cannot be established by inferential speculation alone. Ind. Mich. Power Co. v. Runge, 717 N.E.2d 216 (Ind. Ct. App. 1999). Evidence that establishes a mere possibility of cause or that lacks reasonable certainty or probability is insufficient evidence, by itself, to support a verdict. Topp, 838 N.E.2d at 1033.

Jones's complaints of knee pain were subjective in nature, i.e. pain "perceived or experienced by a patient and reported to the patient's doctor but [] not directly observable by the doctor." Id. (citing Daub v. Daub, 629 N.E.2d 873, 877 (Ind. Ct. App. 1994), trans. denied). Therefore, Jones's testimony alone was not sufficient to prove causation without medical expert testimony. Id.

Jones did introduce testimony from her physician Dr. Arabella Bowens. Dr. Bowens's testimony established that Jones was suffering from arthritis in her knee on the date of the accident. Consequently, the causal connection between the accident and

---

[2] The parties' opening and closing arguments were not transcribed in the record on appeal. Townsend's counsel included an affidavit in the Appellee's Appendix purporting to establish the statements made by counsel during closing arguments. But his affidavit is not properly in the record before us because the affidavit was not included in the record under the procedure described in Appellate Rule 31. For this reason, we have not considered the improperly submitted document in this appeal.

5

Jones's resulting injuries "is a complicated medical question that is not within the understanding of a lay person." See id.

> Evidence establishing a mere possibility of cause or which lacks reasonable certainty or probability is not sufficient evidence by itself to support a verdict. An expert medical opinion that lacks reasonable certainty, standing alone, is not sufficient to support a judgment. "[E]xpert medical opinion couched in terms less than that of a reasonable degree of medical certainty; such as 'possible,' 'probable,' or 'reasonably certain,' are admissible and do have probative value. However, such medical testimony standing alone, unsupported by other evidence, is not sufficient to support a verdict[.]

Id. (citations omitted).

Dr. Bowens testified that Jones complained of neck, shoulder, and left knee pain after the accident. The doctor examined her knee and did not observe any swelling and no patella tenderness. But Jones had "light tenderness with light palpitation in the popliteal area," i.e. the area behind the knee. Id. at 38. Because her knee pain did not resolve after a few weeks, the doctor ordered an MRI. The MRI showed possible myxoid degeneration, a degenerative change that Dr. Bowen testified could be caused by arthritis, trauma, or the aging process. Id. at 43-44. Jones eventually underwent a second MRI one year later, which revealed a tear in her meniscus. Dr. Bowens stated that a meniscus tear could be a progressive or an acute injury. When asked if the knee injury and eventual surgery were a result of the January 23, 2008 accident, Dr. Bowens replied: "In my opinion, because she never had any problems beforehand and it occurred after the accident, I can only assume that it probably was related to that." Ex. Vol., Plaintiff's Ex. 1, p. 16. But she also testified that she could not give an opinion "to any degree of

6

medical certainty whether" the tear in Jones's meniscus was caused by the automobile accident. Id. at 47.

Similarly, with regard to Jones's neck pain and muscle spasms, Dr. Bowens examined Jones's neck approximately two weeks after the accident and observed that she had full range of motion and normal flexion and extension. Id. at 37. The doctor ordered x-rays of Jones's neck and back, which revealed minimal arthritis in her neck and low back. Id. at 40. And a subsequent MRI showed that Jones was suffering from asymmetric disk disease, which is an arthritic condition. Id. at 49. Jones's complaints of neck pain were subjective and treated with pain medication, injections, and physical therapy. Dr. Bowens again opined that because Jones was not complaining of any pain prior to the accident, she "assume[d]" that the injuries are "related to the January 23, 2008 collision." Id. at 20. But she admitted that she could not "say to any reasonable degree of medical probability that the disk disease . . . was caused by the accident." Id. at 51. She also testified that the disk disease by itself could be the cause of Jones's neck pain.

Finally, Dr. Bowens was asked whether the treatment Jones received from her and the VA Hospital was reasonable and necessary for the injuries Jones suffered as a result of the collision. Dr. Bowens replied, "Yeah. I think so." Id. at 27. But Dr. Bowens also indicated that orthopedics were not her area of expertise.

Before we consider whether Dr. Bowens's testimony established that the accident was the cause of Jones's neck and knee injuries, we observe that "an opinion which lacks reasonable probability is not sufficient evidence by itself to support a verdict." Topp, 838

7

N.E.2d 1035 (citation omitted). But, "'an expert's opinion that something is 'possible' or 'could have been' may be sufficient to sustain a verdict or award' when rendered in conjunction with other, probative evidence establishing the material factual question to be proved." Id. (citations omitted).

Jones testified that immediately after the accident, she told the school bus driver that she would be fine after the driver inquired about her welfare. Tr. p. 57. Jones also did not report any injury or pain to the responding police officer. Tr. p. 88. Jones testified that she refused medical treatment at the scene because she was required to seek all medical care at the VA Hospital. Her knee was x-rayed in the VA's emergency room shortly after the accident, and the only treatment prescribed for Jones was pain killers. Jones also stated that her neck did not start hurting until a couple days after the accident. Tr. p. 72.

The short period of time that elapsed between Jones's complaints of pain and the accident is some evidence of causation, but is not enough without additional expert testimony establishing a causal connection between the accident and Jones's injuries. See Topp, 838 N.E.2d at 1033; Daub, 629 N.E.2d at 878. Unfortunately for Jones, even her testimony in conjunction with that of Dr. Bowens was insufficient to prove causation.

The doctor stated that she "assumed" that Jones's knee and neck pain was related to the accident because she did not have any complaints of pain prior to it. She also testified that she could not give an opinion "to any degree of medical certainty whether" the tear in Jones's meniscus was caused by the automobile accident. She made a similar statement with regard to the degenerative changes in Jones's neck. Jones's testimony

8

simply establishes the possibility of causation and Dr. Bowens's opinion lacks reasonable medical certainty. Therefore, even if the jury believed that Jones's complaints of pain were credible, she did not present sufficient evidence to prove that the accident caused her injury or the aggravation of a pre-existing injury. See Topp, 838 N.E.2d at 1036 (concluding that the plaintiff's complaint of pain following the accident was not sufficient to prove causation because her testimony established only the possibility of causation and the treating doctors' opinions lacked reasonable medical certainty).

It was also quite possible, especially given the absence of any objective evidence of injury on the date of the accident, that the jury concluded that Jones's complaints of knee and neck pain were not credible. After reviewing the record, it is clear to our court that one of Townsend's defenses to Jones's negligence claim was that although Jones's operation of his vehicle might have caused the accident, Jones did not suffer any injury as a result of Townsend's breach of his duty to exercise reasonable care when operating his vehicle on the roadway.

For all of these reasons, we reject Jones's argument that Townsend was negligent as a matter of law. There is certainly evidence in the record that could establish that Townsend breached his duty to Jones, thereby causing the accident at issue. But to prevail on her negligence claim, Jones was also required to prove that her injuries were proximately caused by Townsend's breach of that duty. See Spangler, 958 N.E.2d at 467-68. Because there was evidence from which the jury could reasonably conclude that the accident was not the proximate cause of Jones's knee and neck injury, we affirm the jury's verdict in Townsend's favor.

## II. Jury Instructions

Finally, we consider Jones's challenge to following instruction that was tendered to the jury over her objection:

> If the evidence simply establishes that it is only a mere possibility that the automobile accident caused the injury in question, you are instructed that such evidence should be disregarded and may not be considered by you in rendering your verdict.

Appellant's App. p. 38. Jones argues that the quoted instruction "misstated the law, singled out causation for a different level of proof, and erroneously mandated the jury disregard evidence." Appellant's Br. at 12.

The manner of instructing a jury is left to the sound discretion of the trial court. Callaway v. Callaway, 932 N.E.2d 215, 222 (Ind. Ct. App. 2010). Its ruling will not be reversed unless the instructional error is such that the charge to the jury misstates the law or otherwise misleads the jury. Id. Jury instructions must be considered as a whole and in reference to each other. Id. at 222–23. In reviewing a trial court's decision to give or refuse a tendered instruction, we consider: (1) whether the instruction correctly states the law; (2) whether there is evidence in the record to support the giving of the instruction; and (3) whether the substance of the tendered instruction is covered by other instructions that are given. Id. at 223. To determine whether sufficient evidence exists to support an instruction, we will look only to that evidence most favorable to the appellee and any reasonable inferences to be drawn therefrom. Foddrill v. Crane, 894 N.E.2d 1070, 1078 (Ind. Ct. App. 2008), trans. denied. Finally, "when a jury is given an incorrect instruction on the law, we will not reverse the judgment unless the party seeking a new trial shows 'a

10

reasonable probability that substantial rights of the complaining party have been adversely affected.'" Id. (citations omitted).

The challenged jury instruction is a correct statement of law to the extent that it informs the jury that the causal connection between the accident and Jones's alleged injuries must be supported by evidence establishing more than a mere possibility of cause because evidence which lacks reasonable certainty or probability is not sufficient evidence by itself to support a verdict. See Topp, 838 N.E.2d at 1033. But the trial court erred when instructing the jury "that such evidence should be disregarded and may not be considered by you in rendering your verdict." Appellant's App. p. 38. As we stated above, "'an expert's opinion that something is 'possible' or 'could have been' may be sufficient to sustain a verdict or award' when rendered in conjunction with other, probative evidence establishing the material factual question to be proved." Id. (citations omitted). See Topp, 838 N.E.2d at 1035. Therefore, instructing the jury to disregard such evidence was improper.

But as we concluded above, Jones did not present sufficient evidence to prove that the accident caused her injury or the aggravation of a pre-existing injury.[3] "We will assume that the erroneous instruction influenced the jury's verdict *unless* it appears from the evidence that the verdict could not have differed even with a proper instruction." Estate of Dyer v. Doyle, 870 N.E.2d 573, 584 (Ind. Ct. App. 2007), trans denied

---

[3] Jones also complains that the trial court abused its discretion when it denied her motion for a directed verdict on the issue of comparative fault. Because we have concluded that Jones did not present sufficient evidence to support her negligence claim, and because the jury entered a verdict solely in Townsend's favor, we need to address the issue of comparative fault in this appeal.

11

(emphasis added).  Because Jones failed to present sufficient evidence that her injury was proximately caused by the January 23, 2008 accident, we can reasonably conclude that the jury verdict would not have differed had the jury been properly instructed.  For this reason, Jones has not established that she is entitled to a new trial.

**Conclusion**

Although the trial court improperly instructed the jury to disregard certain evidence, we conclude that the jury properly entered a verdict in Townsend's favor because Jones failed to present sufficient evidence that her injury was proximately caused by the January 23, 2008 accident.

Affirmed.

FRIEDLANDER, J., and RILEY, J., concur.