Kermit MILLER, Administrator of the Estate of Joseph W. Miller, Deceased, Appellant (Plaintiff Below),

v.

William FAULKNER, Dennis Truck Lines, McMahan-O'Connor Construction Co., State of Indiana and Indiana Department of Highways, Appellees (Defendants Below).

No. 20A03–8603–CV–97.

Court of Appeals of Indiana, Third District.

April 9, 1987.

Frank J. Petsche, South Bend, for appellant.

Arthur A. May, Robert J. Palmer, May, Oberfell and Lorber, South Bend, for appellees William Faulkner and Dennis Truck Lines.

Michael J. Anderson, Edward N. Kalamaros and Associates, P.C., South Bend, for appellee McMahan-O'Connor Const. Co.

Linley E. Pearson, Atty. Gen., Stephen C. McNutt, Deputy Atty. Gen., Indianapolis, for appellees State of Indiana and Indiana Dept. of Highways.

HOFFMAN, Judge.

Plaintiff-appellant Kermit Miller, as administrator of the estate of Joseph Miller, appeals the Elkhart Superior Court's entry of summary judgment in favor of defendants-appellants William Faulkner, Dennis Truck Lines, McMahan-O'Connor Construction Company, Indiana Department of Highways and the State of Indiana.

The facts relevant to this appeal disclose that Kermit Miller instituted suit against the defendants after a pickup truck in which Joseph Miller was a passenger was struck by a tractor-trailer driven by William Faulkner and owned by Dennis Truck Lines in October 1982. The pickup was struck while attempting a left turn from U.S. Highway 6 in Marshall County. The complaint alleged negligent operation of the tractor-trailer by Faulkner and negligent design, construction and maintenance of the intersection by McMahan and the State.

In January and February 1985 the defendants moved for summary judgment. Along with the motions, the defendants submitted the affidavits of eyewitnesses to the accident, as well as the affidavit of the police officer who investigated the accident. Depositions of the eyewitnesses and Faulkner were published. On August 26, 1985 Miller opposed the motions and submitted the affidavit of Grama Bhagavan, a civil engineer. At the hearing on the motions for summary judgment on August 27, 1985, McMahan moved to strike Bhagavan's affidavit. Miller moved to strike portions of the eyewitnesses' affidavits. The court granted McMahan's motion to strike, but denied Miller's motion.

On November 4, 1985 the court granted the defendants' motions for summary judgment. This appeal ensued.

As restated and consolidated the issues raised on review are:

(1) whether the trial court erred in failing to strike certain portions of the eyewitnesses' affidavits;

(2) whether the trial court erred in striking the affidavit of Grama Bhagavan; and

(3) whether genuine issues of material fact exist as to the negligence of the defendants.

Miller's first contention, that the court erred in failing to strike portions of two eyewitnesses' affidavits, is unsupported by citation to authority. An issue may be deemed waived for failure to comply with Ind. Rules of Procedure, Appellate Rule 8.3(A)(7). *Ernst v. Indiana Bell Telephone Co.* (1985), Ind.App., 475 N.E.2d 351, 354. However, the issue will be addressed on the merits.

■ Miller urges that portions of the eyewitnesses' affidavits contain inadmissible conclusions. The former rule that opinions on ultimate issues were not admissible has been derogated if not abandoned in recent years.

*See, Carroll v. Lordy* (1982), Ind.App., 431 N.E.2d 118, 122 quoting *Rieth-Riley Construction Co., Inc. v. McCarrell* (1975), 163 Ind.App. 613, 325 N.E.2d 844.

The decision whether to allow such evidence lies within the discretion of the trial court. *Posey County v. Chamness* (1982), Ind.App., 438 N.E.2d 1041, 1047.

■ The affidavits contained statements that the pickup driver did not have an obstructed view of the tractor-trailer, that the roadway and intersection markings did not contribute to the cause of the accident, and that the pickup driver acted irresponsibly and caused the accident. The court in *Rieth-Riley, supra,* 325 N.E.2d at 852–853 noted that in exercising its discretion a trial

court "should consider the nature of the issue and the offered opinion in light of all attendant circumstances of the particular case." Here the opinions were given by drivers who witnessed the accident; one directly behind the pickup truck, and one behind the tractor-trailer. Because the occupants of the pickup did not survive the accident, the statements by impartial eyewitnesses were all the more relevant.

■ Another factor is of interest in determining whether the court abused its discretion in refusing to strike portions of the affidavits. Very similar statements were made in an affidavit submitted by the investigating police officer. Those statements were not challenged by Miller. It cannot be said that the trial court abused its discretion in failing to strike the portions of the affidavits complained of by Miller.

Next, Miller complains that the trial court erred in striking the affidavit of Grama Bhagavan, a civil engineer. Bhagavan's affidavit stated that he had inspected, studied, and examined the intersection and its approaches. Bhagavan concluded that the intersection was designed, constructed and maintained in a negligent manner; that the plans for construction were obviously dangerous and likely to cause injury to the motoring public; and that the negligent design, construction and maintenance was the direct and proximate cause of the collision.

The court's order granting summary judgment for the defendants stated that the affidavit did not conform with the requirements of Ind. Rules of Procedure, Trial Rule 56 and case law applicable thereto. The affidavit states opinions on ultimate issues of fact and law.

Miller directs this Court's attention to *McCullough v. Allen* (1983), Ind.App., 449 N.E.2d 1168. In *McCullough* an attorney's affidavit which stated opinions on legal conclusions was challenged as not complying with T.R. 56, in that the rule requires affidavits which " 'set forth such facts as would be admissible in evidence.' " 449 N.E.2d at 1170. This Court determined

that an attorney was qualified to give an opinion on an ultimate issue in the case.

■ In *Celina Mut. Ins. Co. v. Forister* (1982), Ind.App., 438 N.E.2d 1007, 1011, this Court noted that an affidavit may properly be disregarded if not made upon personal knowledge, setting forth facts which would be admissible in evidence, and demonstrating that the affiant is competent to testify to the matters stated. In light of *McCullough, supra,* and *Celina, supra,* Bhagavan's rather conclusory statements present a close admissibility question. However, even were the affidavit deemed admissible, the trial court's decision rested on uncontroverted and overwhelming evidence that the pickup driver's actions caused the accident. Consequently, this issue is tied to Miller's final issue questioning the trial court's finding that no genuine issue of material fact exists as to the negligence of the defendants.

Miller alleges that a genuine issue of material fact exists as to Faulkner's negligence. Specifically, Miller contends that Faulkner failed to reduce his speed at the intersection, that the 55 mile per hour speed limit at the intersection was dangerous, and that the design for the intersection was so obviously faulty that the contractor was negligent in building the intersection according to the specifications.

The proper standard of review was set out in *Suyemasa v. Myers* (1981), Ind.App., 420 N.E.2d 1334, 1342–1343:

"In order to determine whether a genuine issue of material fact exists, the court will consider as true all facts alleged by the nonmoving party and will resolve all doubts against the moving party. *Krueger v. Bailey,* (1980) Ind. App., 406 N.E.2d 665. Summary judgment should not be used as a substitute for trial in determining factual disputes. *Podgorny v. Great Central Insurance Co.,* (1974) 160 Ind.App. 244, 311 N.E.2d 640. Therefore, if conflicting evidence must be weighed by the court to reach a decision, summary judgment should not be granted. *Collins v. Dunifon,* (1975) 163 Ind.App. 201, 323 N.E.2d 264. Neither should summary judgment be grant-

ed if, although there is no factual dispute, the facts give rise to conflicting inferences. *Clayton v. Penn Central Transportation Co.,* (1978), Ind.App., 376 N.E.2d 524. However, summary judgment may be proper where there is no dispute or conflict regarding a fact which is dispositive of the action, even though conflicting facts on some elements of a claim exist. *Hayes v. Second National Bank of Richmond,* (1978) Ind. App., 375 N.E.2d 647, *trans denied."*

Our Supreme Court examined intervening cause in relation to proximate cause in *Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154, 158–159. The Court noted that "[a]n indispensable element of an action for negligence is that the act complained of must be the proximate cause of the accident producing the injury." 452 N.E.2d at 158. Quoting from an earlier Indiana Supreme Court opinion, the Court went on to state, "a negligent act or omission is the proximate cause of an injury if the injury is a natural and probable consequence, which, in light of the circumstances, should reasonably have been foreseen or anticipated." 452 N.E.2d at 158. Then considering an intervening act, the Court determined:

"This requirement of foreseeability as to the ultimate injury causing occurrence as a result of earlier conduct or failure to act is directly related to the rule that an intervening cause may serve to cut off the liability of one whose original act or omission sets in motion the chain of events or circumstances leading to an injury. An accurate statement of the general principle and explanation of the relationship of the doctrine of intervening cause to the foreseeability requirement is set forth in 21 I.L.E. *Negligence* § 67, at 330–33 (1959), from which we quote:

'An intervening cause, with respect to the doctrine of proximate cause, means, not a concurrent and contributing cause, but a superseding cause, which is itself the natural and logical cause of the harm or the immediate and direct cause of the injury; and where the cause of an injury or death is the negligent act of independent responsible intervening agency, such act must be regarded as the proximate cause thereof and the original negligence considered as only the remote cause.

'Where there is an original wrongful act of defendant and an intervening act of a third person, a fundamental test in determining defendant's liability for his wrongful act is the test of foreseeability of the resultant injury, and where the question of an independent intervening agency is involved, one who is charged with negligence cannot be held responsible for the result of such negligence, unless some type of injury and the intervention of the independent agency should have reasonably been anticipated. Similarly stated, where there is an independent responsible agency intervening between the defendant's negligence and the injury, the question whether the original negligence is the proximate cause of the injury is to be determined by whether the agency might have been reasonably expected under the circumstances to intervene in such a way as to be likely to produce an injury similar to the one actually caused.

'Accordingly, if harm is a natural, probable, and foreseeable consequence of the first negligent act or omission, the original wrongdoer may be held liable even though other independent agencies intervene between his negligence and the ultimate result. Generally, where harmful consequences are brought about by intervening and independent forces, the operation of which might have been reasonably foreseen, then the chain of causation extending from the original wrongful act to the injury is not broken by the intervening and independent forces, and the original wrongful act will be treated as a proximate cause; but, if the new independent intervening force was not reasonably foreseeable at the time of the actor's wrongful conduct, the consequences, ordinarily, are not caused by

the original wrongful act.' " (Footnotes omitted in original.)

452 N.E.2d at 158–159.

■ Following the *Havert* Court's analysis, any potential negligence by the defendants would not be the proximate cause of the accident if an unforeseen superseding act of negligence intervened to directly cause the harm. An intervening act of negligence which proximately caused the injury would entitle the defendants to a judgment as a matter of law. *See generally, Havert, supra.*

■ In the present case it is uncontested that the pickup turned into the path of the tractor-trailer when the tractor-trailer was four or five car lengths from the intersection.[1] An eyewitness with a vantage point similar to that of the pickup driver's stated that the tractor-trailer was clearly visible.[2] A police officer, with 20 years of accident investigation experience, concluded that the pickup driver's act of turning into the path of Faulkner's truck was the cause of the accident. The trial court below did not err in concluding that the proximate cause of the accident was the pickup driver's negligent act.

Accordingly, the trial court's entry of summary judgment for the defendants is affirmed.

Affirmed.

GARRARD, P.J., concurs in result.

BUCHANAN, J., concurs.

---

**1.** The evidence disclosed that Faulkner was driving between 55 and 60 miles per hour as he approached the intersection. The speed limit was 55 miles per hour. The affidavit by the investigating police officer stated that there was no evidence that Faulkner was speeding. Both Faulkner and an eyewitness testified by deposition that the pickup driver attempted to "beat" the tractor-trailer through the intersection.

Also noteworthy are the weather and road conditions at the time. The accident occurred at about 5:00 P.M. on a dry, clear, sunny day. The pavement was dry.

**2.** Miller's argument that conditions mandated a reduced rate of speed is not supported by the record.