**Annette GALLIGAN, Charles Galligan and Jennifer Galligan, Appellants– Plaintiffs,**

v.

**Thomas GALLIGAN and Larry Rice, Appellees–Defendants,**

**Irish Park, Inc., and The Money Store Investment Corporation, Defendant Below**

**Golden Shamrock, Inc., Intervening Plaintiff Below.**

No. 10A01–9807–CV–256.

Court of Appeals of Indiana.

June 8, 1999.

Rehearing Denied Aug. 9, 1999.

Joni L. Grayson, Vissing & Grayson Assoc., LLP, Attorney for Appellants.

Kyle Williams, Jeffersonville, Indiana, Attorney for Appellees Larry Rice & Golden Shamrock, Inc.

Gary K. Kemper, Madison, Indiana, Attorney for Appellee, Thomas Galligan.

## OPINION

RATLIFF, Senior Judge

### STATEMENT OF THE CASE

Plaintiffs–Appellants Annette Galligan, Charles Galligan, and Jennifer Galligan (collectively, "Plaintiffs") appeal the grant of partial summary judgment in favor of Defendants–Appellants Thomas Galligan ("Galligan") and Larry Rice ("Rice").[1] Plaintiffs also appeal the trial court's denial of their motion for partial summary judgment.

We reverse in part and affirm in part.

### ISSUES

Plaintiffs raise two issues, which we restate as:

I. Whether the trial court erred in granting Galligan's and Rice's motions for partial summary judgment.

II. Whether the trial court erred in denying Plaintiffs' motion for partial summary judgment.

### FACTS AND PROCEDURAL HISTORY

On May 30, 1997, Galligan, who owned 52% of the stock of Irish Park, Inc. ("Irish Park"), entered into an agreement to sell the assets of Irish Park to Golden Shamrock, Inc. ("Golden Shamrock"). Along with these assets, the agreement provided for the sale of certain Irish Park-related items of Galligan's personal property to Golden Shamrock. Golden Shamrock was owned by Rice.

Plaintiffs, who each owned 12% of the stock of Irish Park, were not given notice of the purported asset sale. On August 15, 1997, Plaintiffs initiated suit against Galligan alleging fraud, breach of fiduciary duty, conspiracy to misappropriate funds, and certain employment claims. The complaint also requested that Galligan individually pay both compensatory and punitive damages. On February 20, 1998, Plaintiffs amended their complaint by adding a claim of self-dealing against Rice and a claim that the sale was ultra vires. The amended complaint also asserted a claim against Rice individually for compensatory and punitive damages.

On February 28, 1998, in apparent response to the amended complaint, Galligan sent notice to all the minority shareholders of Irish Park that a special meeting was to be held on March 11, 1998, for the purpose of removing the Board of Directors of Irish Park, electing a new Board of Directors, and considering the ratification of the "sale" of Irish Park's assets to Golden Shamrock. In response to the notice, and for the apparent purpose of protecting their dissenters' rights under Ind.Code § 23–1–44–8, Plaintiffs and the fourth minority shareholder[2] served a "Shareholders' Notice Asserting Dissenters Rights" wherein they objected to the proposed ratification of the "sale" of Irish Park's assets on May 30, 1997, and demanded payment for their shares.

The March 11, 1998, meeting was held with Galligan as the only shareholder in attendance. Galligan elected himself as president and secretary of Irish Park. He also voted his shares to ratify the May 30, 1997 "sale" and to authorize himself to execute all documents necessary to effectuate the sale.

Galligan, Rice, and Plaintiffs filed motions for partial summary judgment. The trial court granted Galligan's and Rice's motions and denied Plaintiffs' motion. Plaintiffs now appeal.

### DISCUSSION AND DECISION

#### I. PROPRIETY OF GRANT OF SUMMARY JUDGMENT IN FAVOR OF GALLIGAN AND RICE.

Galligan and Rice filed almost identical motions for summary judgment alleging that Plaintiffs' remedy was limited to statutory appraisal of dissenter shares pursuant to Ind.

---

**1.** Galligan's and Rice's motions request summary judgment upon less than all of the claims raised by Plaintiffs. Accordingly, although not designated as such, the motions are for partial summary judgment.

**2.** The fourth minority shareholder is William Galligan. He is not a party to the underlying action filed by Plaintiffs or to this appeal.

Code § 23–1–44–1 *et seq.* This statutory provision limits a plaintiff to recovery from the corporation. In granting the motions, the court issued specific findings of fact and conclusions of law. The trial court found, among other things, that there was no genuine issue of material fact as to whether Irish Park sold all of its assets to Golden Shamrock on May 30, 1997. The trial court concluded that Plaintiffs' claim in this case was for a statutory appraisal proceeding under Ind.Code § 23–1–44–8 to determine the fair market value of Plaintiffs' share in Irish Park. The trial court also concluded that Plaintiffs' remedy was limited by Ind.Code § 23–1–44–1 *et seq.* to the statutory appraisal procedure outlined therein. The trial court further concluded that under the case law interpreting the aforementioned statutes, Plaintiffs were prohibited from recovering damages from Galligan and Rice personally, "either compensatory or punitive." (R. 621). The trial court based its conclusions upon its interpretation of *Fleming v. International Pizza Supply Corp.*, 676 N.E.2d 1051 (Ind. 1997).[3]

■ The purpose of summary judgment is to end litigation about which there can be no factual dispute and which may be determined as a matter of law. *LeBrun v. Conner*, 702 N.E.2d 754, 756 (Ind.Ct.App.1998). Findings of fact and conclusions of law are neither required nor prohibited in the summary judgment context. *Id.* Although specific findings and conclusions aid appellate review, they are not binding on this court. *Id.* When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh evidence, but will consider the facts in the light most favorable to the nonmovant. *Id.* Summary judgment is appropriate only when the evidentiary matter designated by the parties shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Aide v. Chrysler Financial Corp.*, 699 N.E.2d 1177, 1180 (Ind.Ct. App.1998), *trans. denied.*

Ind.Code § 23–1–44–8(a) provides that a shareholder is entitled both to dissent from the consummation of the sale of all, or substantially all, of the property of the corporation other than in the usual and regular course of business, and to obtain the payment of the fair value of the shareholder's shares in the event of the consummation of the sale. Ind.Code § 23–1–44–8(c) provides that a shareholder entitled to dissent and obtain payment for the shareholder's share "may not challenge the corporate action creating ... the shareholder's entitlement." If corporate action is taken without approval by the shareholder, then the corporation must deliver a written dissenters' notice to the shareholder within ten days after the action was taken. Ind.Code § 23–1–44–12(b). In order to obtain payment for his shares, the shareholder who receives such notice must demand payment, certify ownership of his shares, and deposit his shareholder's certificates in accordance with the terms of the notice. Ind.Code § 23–1–44–13(a).

■ In *Fleming*, our supreme court, in interpreting Ind.Code § 23–1–44–8, held that "in a merger or asset sale, the exclusive remedy available to a shareholder seeking payment for the value of the shareholder's shares is the statutory appraisal procedure." 676 N.E.2d at 1056. The court concluded that the legislature, in promulgating the current version of Ind.Code § 23–1–44–8, stated its intention to so limit a dissenting shareholder's remedy. *Id.* at 1057. The court went on to hold that a dissenting shareholder's breach of fiduciary duty or fraud claims must be litigated within the appraisal proceeding. *Id.* The court did note, however, that the statute was not intended to "restrict any claims of wrongdoing that a corporation or shareholder brings before the corporate action creating dissenter's rights occurs." *Id.* at n. 9. The court further noted that if such a claim is not yet resolved at the time the fair value of the dissenter's shares is established, the claim should be valued through the judicial appraisal proceeding or by "using some other procedure established by the trial court and appropriate in the circumstances." *Id.*

■ In the present case, we agree with the trial court that there is no genuine issue of material fact pertaining to whether an asset sale took place on May 30, 1997. We

---

**3.** *Fleming* has no application to Plaintiffs employment claims. *See Id.* at 1052, n. 3.

disagree with the trial court, however, as to what the facts establish. The designated evidence indicates that Irish Park's bylaws require that all "written contracts and agreements to which the Corporation shall be a party shall be executed in its name by the President or one of the Vice–Presidents and attested by the Secretary or an Assistant Secretary." (Bylaws, Section 9.02, R. 456). The evidence also indicates that Galligan resigned as an officer and director of the corporation on January 1, 1996, and he was neither the president nor the vice-president of the corporation on May 30, 1997. Therefore, he had no authority under the bylaws to sell the corporation's assets to Golden Shamrock.

Furthermore, Galligan did not comply with the Indiana Business Corporation Law which strictly governs the sale of corporate assets. Ind.Code § 23–1–41–2(a) provides that a corporation may sell all, or substantially all, of its property other than in the usual and regular course of business on the terms and conditions and for the consideration determined by the corporation's board of directors if "the board of directors proposes and its shareholders approve the proposed transaction." The transaction will be authorized only if the board of directors recommends the proposed transaction to the shareholders, the corporation notifies each shareholder of the proposed transaction, and a majority of the shareholders entitled to vote approves the transaction. Ind.Code § 23–1–41–2(b) and (d).[4]

■ We hold that the Ind.Code § 23–1–44–1 *et. seq.* presupposes that the "asset sale" triggering the statutory provisions listed therein was authorized by Ind.Code § 23–1–41–1 *et seq.* In doing so, we note that the *Fleming* court premised its holding on the presence of an authorized asset sale. *See Fleming*, 676 N.E.2d at 1052, n. 1 (stating that "[a]s used in this opinion, the expression 'asset sale' refers to a transaction which falls within Ind.Code § 23–1–41."). The trial

court erred in finding that a valid asset sale took place on May 30, 1997. The trial court also erred in drawing its conclusions and granting summary judgment for Galligan and Rice upon the basis of an erroneous finding.

Galligan and Rice contend that the "ratification" of the sale on March 11, 1998, served to remedy the problems with the prior "sale" and to limit Plaintiffs to the statutory appraisal procedure of Ind.Code § 23–1–44. Therefore, they contend that the grant of summary judgment in their favor was correct.

■ Although the purported "ratification" was preceded by notice pursuant to Ind.Code § 23–1–44–11, it was not followed by the notice pursuant to Ind.Code § 23–1–44–12. We hold that Galligan and Rice are not entitled to hold Plaintiffs to the remedy provisions of Ind.Code § 23–1–44 while exempting themselves from its notice provisions.[5]

## II. PROPRIETY OF THE TRIAL COURT'S DENIAL OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT.

Plaintiffs contend that the trial court erred in denying their motion for summary judgment. We address the issues raised in that motion below, but first we briefly address Galligan and Rice's contention that Plaintiffs failed to properly designate evidence in support of their motion.

■ As a general rule, the designation of pleadings, discovery materials, and affidavits in their entirety fails to meet the specificity requirements of Ind.Trial Rule 56(C). *Abbott v. Bates*, 670 N.E.2d 916, 922 (Ind.Ct.App.1996), *reh'g denied.* T.R. 56 does not mandate the manner in which a party is to specifically designate material. *Van Eaton v. Fink*, 697 N.E.2d 490, 493 (Ind.Ct.App.1998), *reh'g denied.* The rule does not require a separate filing called a

---

**4.** The board of directors is not required to make a recommendation if the sale involves a conflict of interest or other special circumstances. In this event, the board would make no recommendation and communicate the basis for its determination to the shareholders with the submission of the proposed transaction. Ind.Code § 23–1–41–2(b)(1).

**5.** We express no opinion as to whether the "ratification" would have been sufficient to trigger the limitations of Ind.Code § 23–1–44 if Galligan and Rice had complied with the notice provisions.

"designation." *National Board of Examiners for Osteopathic Physicians and Surgeons, Inc. v. American Osteopathic Association,* 645 N.E.2d 608, 615 (Ind.Ct.App.1994). Whether the parties designate material to the trial court in a separate filing, or in a brief in opposition to the motion, is within the parties' discretion. *Van Eaton,* 697 N.E.2d at 493.

 In the present case, Plaintiffs submitted a document which made a general designation of the evidence. This document, standing alone, was not specific enough to meet the requirements of T.R. 56. However, Plaintiffs also submitted a memorandum which made specific references to the evidence they relied upon. Plaintiffs' properly designated evidence in support of their motion for partial summary judgment.

In Plaintiffs' motion for partial summary judgment, they raised a number of issues. The issues pertaining to Rice turn on whether he was an officer or director at the time of the May 30, 1997 "sale" of assets. A review of the parties' designations reveal evidence indicating that Rice may have been both a director and president of Irish Park at the time of the purported sale. Other evidence indicates that Rice may have resigned his position as president sometime prior to the "sale" and that the resignation was not properly recorded by Irish Park's secretary. The dispute in the evidence concerning Rice's continued activity as an Irish Park director is not so clear, although Rice contends that he intended to resign as director at the same time he resigned as president. The upshot is that this is a genuine issue of material fact which must be determined by the trier of fact. There are also numerous other issues of fact pertaining to the various claims.

The issues pertaining to Galligan turn on (1) whether he failed to communicate with Plaintiffs regarding the May 30, 1997 "sale", and (2) whether he dealt fairly, honestly, and openly with Plaintiffs. As we discussed in Issue I above, Galligan failed to strictly comply with the notice provisions of both Ind.Code § 23–1–41 and Ind.Code § 23–1–44.[6] However, there is evidence which may establish that informal notice was given. A trier of fact may determine that this evidence is sufficient to overcome Plaintiffs' claims of fraud, breach of fiduciary duty, and misappropriation of corporate funds. Again, there is a genuine issue of material fact.

### CONCLUSION

The trial court erred in granting Galligan's and Rice's motions for summary judgment. The trial court did not err, however, in denying Plaintiffs' motion for partial summary judgment.

We reverse and remand for further proceedings consistent with this opinion.

BAILEY, J., and NAJAM, J., concur.

---

**6.** In their motion for partial summary judgment, Plaintiffs requested that the trial court grant summary judgment on the question of whether Galligan complied with Ind.Code § 23–1–41. We find that the trial court wisely did not comply with Plaintiffs' request, as the question of compliance with the aforementioned statute is neither an "issue" nor a "claim" which may be determined by summary judgment.