Dusty Dawn Smith CORRELL,
Appellant–Plaintiff,

v.

INDIANA DEPARTMENT
OF TRANSPORTATION,
Appellee–Defendant.

No. 84A04–0112–CV–549.

Court of Appeals of Indiana.

Sept. 23, 2002.

Transfer Denied March 14, 2003.

Mary Lou Reynolds, Gerald H. McGlone, Terre Haute, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Dusty Dawn Smith Correll appeals the trial court's grant of summary judgment in favor of the Indiana Department of Transportation ("INDOT"). Upon appeal, Smith Correll claims that the trial court erred in entering summary judgment that absolved INDOT of liability by holding that the act of a drunk driver in causing her injuries constituted an independent, superceding cause.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

The undisputed facts reveal that at approximately 4:30 a.m. on January 16, 1992, Smith Correll was driving west on U.S. Highway 40 in Terre Haute when she began to cross the Wabash River Bridge. As she drove across the bridge, Greg Porter, who was driving east across the bridge, crossed the centerline and hit Smith Cor-

rell's vehicle head-on causing her vehicle to be pushed back fifty feet onto a concrete retaining wall causing her severe injuries. At the time of the collision, Porter was under the influence of alcohol, having a blood alcohol content of .362%.

The iron bridge was redesigned in 1984 to narrow it from a four-lane roadway to two-lanes separated by double yellow lines down the center. To narrow the roadway, INDOT placed concrete barriers along the two outside lanes, thereby causing traffic to be channeled into the two inside lanes. No concrete barriers were placed on the centerline between the eastbound and westbound traffic lanes. As traffic approached the bridge on U.S. Highway 40, it was narrowed from four lanes to two lanes.

Smith Correll filed a complaint against INDOT contending that it was negligent in its design, construction, and maintenance of the bridge. INDOT moved for summary judgment, and the trial court granted the motion. Smith Correll now appeals the trial court's grant of summary judgment.

## DISCUSSION AND DECISION

The purpose of summary judgment is to end litigation about which there can be no factual dispute and which may be determined as a matter of law. *LeBrun v. Conner*, 702 N.E.2d 754, 756 (Ind.Ct.App. 1998). When reviewing a decision on a summary judgment motion, we apply the same standard as the trial court. *Wickey v. Sparks*, 642 N.E.2d 262, 265 (Ind.Ct. App.1994), *trans. denied* (1995). Summary judgment is appropriate only when the designated evidentiary material shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *State Farm Fire Cas. Co. v. T.B. ex rel. Bruce*, 762 N.E.2d 1227,

1230 (Ind.2002). Therefore, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. The party appealing the grant of summary judgment has the burden of persuading this court on appeal that the trial court's ruling was erroneous. *Id.; Jordan v. Deery*, 609 N.E.2d 1104, 1107 (Ind.1993). Nevertheless, we carefully review the trial court's decision to ensure that the nonmovant was not improperly denied his or her day in court. *State Farm*, 762 N.E.2d at 1230.

The question presented on appeal concerns the issue of causation. Causation is an essential element of a negligence claim. *Bush v. Northern Indiana Pub. Serv. Co.*, 685 N.E.2d 174, 178 (Ind. Ct.App.1997), *trans. denied* (1999). The injurious act must be both the proximate cause and the cause in fact of an injury. *Id.* "Generally, causation, and proximate cause in particular, is a question of fact for the jury's determination." *Id.*

In *Richardson v. Salaam*, 726 N.E.2d 888 (Ind.Ct.App.2000), *trans. denied*, we discussed the validity of the trial court's entry of summary judgment based upon a superceding cause. There, a semi-truck collided with a car after failing to stop at a stop sign resulting in the death of the driver of the car and injury to the passenger. The plaintiffs sued INDOT and the county claiming that the unworkable design of the intersection, which forced the semi driver to run the stop sign in order to have enough speed to climb a hill just past the intersection, caused the accident. The trial court granted summary judgment in favor of defendants, reasoning that the semi driver's failure to stop at the intersection was a superceding cause of the accident.

With respect to this issue upon appeal, we noted that in order for a plaintiff to prevail in a negligence action, he or she must prove that the defendant's conduct proximately caused his or her injury. *Id.* at 892. Where the causation evidence establishes that something has intervened between the defendant's alleged negligence and the plaintiff's injury, the issue of superceding cause arises, which was aptly described as follows:

Under common law, independent intervening conduct precludes the original wrongdoer's liability when the later conduct constitutes a cause interrupting the natural sequence of events, turning aside their course, preventing the natural and probable result of the original act or omission, and producing a result that could not have been reasonably anticipated.

*Id.* (citations omitted). Accordingly, "to constitute an intervening cause sufficient to preclude the original wrongdoer's liability the intervening conduct must be an independent act which interrupts the natural consequence of the events." *Id.*

In applying this, we determined that the action of the semi-truck driver was not independent of INDOT's claimed negligent intersection design and did not interrupt the consequences of the claimed design defect. *Id.* Instead, we concluded that the action of the semi-truck driver in running the stop sign "is the very act which plaintiffs alleged is the natural consequence of defendants' negligence." *Id.* Therefore, we found that there was no issue of intervening cause at all, and the issue really was whether the plaintiffs' injuries were proximately caused by the negligence of INDOT and the county. *Id.*

Proceeding in our analysis, we held that the question of proximate causation was a determination for the fact finder and was not appropriate for summary judgment.

*Id.* at 893. In reversing the trial court's grant of summary judgment, we reasoned that based upon the designated evidence, the fact finder could have reasonably determined that INDOT and the county knew or should have known of the problems a steep incline could present. *Id.* Given this, the fact finder would next have to decide whether the negligent design, construction, or maintenance prevented semi-trucks from safely passing through the intersection. *Id.* Based upon these potential inferences, it was incorrect for the trial court to determine as a matter of law that the semi driver's action was unforeseeable. *Id.*

Here, the trial court relied upon *Bush,* 685 N.E.2d at 174 and *Miller v. Faulkner,* 506 N.E.2d 52 (Ind.Ct.App.1987), in determining "that only one conclusion can be drawn from the undisputed facts in this case, and that conclusion is that the illegal and reckless act of Greg Porter in operating a vehicle while intoxicated constitutes an independent superseding cause of this accident, which supersedes any alleged liability by the defendant." *Appellant's Appendix* at 24–25.

*Bush* involved a driver recklessly accelerating through an S-curve resulting in loss of control of the car, which left the road and collided with a utility pole, thereby injuring the passenger. The passenger brought a negligence action against Northern Indiana Public Service Company and the city and county in which the accident occurred. Following the grant of summary judgment in favor of the defendants, we were confronted with the issue of whether the negligence of the driver was the sole cause of the accident. In concluding that it was, we stated:

[W]hen only a single conclusion can be drawn from the facts, the question of causation becomes a question of law. [*Adams Twp. of Hamilton County v.*

*Sturdevant,* 570 N.E.2d 87, 90 (Ind.Ct. App.1991), *reh. denied, trans. denied.*] Even though a defendant may have originally set in motion the chain of events which led to an injury, that chain can be severed by a separate intentional or negligent act. *Hooks SuperX, Inc. v. McLaughlin,* 642 N.E.2d 514, 520 (Ind. 1994). The original act then becomes a remote cause and the subsequent act becomes the proximate cause of the accident. *Id.*

In *Miller v. Faulkner,* 506 N.E.2d 52 (Ind.Ct.App.1987), the plaintiff was killed when he attempted to turn left in front of a truck. His estate alleged that the intersection was negligently designed and that the posted speed limit was too high for the road. The trial court granted summary judgment against the estate because it found that the design of the highway was not the cause of the accident. *Id.* at 53. Instead, it was the driver's intentional act of attempting to "beat" the truck at the intersection which caused the accident. *Id.* at 56.

The same is true in the present case. The evidence is disputed concerning whether Valparaiso and Porter County negligently designed and maintained the road. However, it was not this alleged negligence which caused the accident. Instead, it was Henderson's intentional act of driving almost twice the posted speed limit and reckless driving which caused the accident. His actions superseded any liability of Valparaiso and Porter County. *Hooks SuperX,* 642 N.E.2d at 520. Because only one conclusion can be drawn from the facts, the trial court correctly determined as a matter of law that any alleged negligence of Valparaiso and Porter County was not the cause of the accident. *Adams Twp.,* 570 N.E.2d at 90. Accordingly, we conclude that the trial court correctly granted summary judgment in favor of Valparaiso and Porter County. *Bush,* 685 N.E.2d at 178–79.

■ Unlike *Bush* and *Miller,* where the courts concluded that only one conclusion could be drawn from the facts, in the present case we cannot reach a similar conclusion. Relying instead upon *Richardson,* we conclude that the conduct of Porter was not independent of INDOT's redesign of the bridge roadway and did not interrupt the consequences of the alleged design defect. Smith Correll contends that INDOT's redesign of the bridge failed to adequately protect those traveling on the bridge from head-on collisions with those traveling in the opposite direction. Whenever such collisions occur, there will be other factors which may be contributing and even the primary proximate causes of such collisions. These include a tire blow out which causes a driver to lose control of the vehicle and cross the center line, a driver falling asleep at the wheel and crossing the center line, a driver's simple negligence in failing to keep the vehicle in the proper lane, and, as here, an intoxicated driver crossing the center line. In each of these instances, the acts of the other driver may be proximate causes of the resulting accident. In none of the instances is the intervening cause independent of the underlying negligent design. Rather, in each instance the intervening cause is allegedly the natural and foreseeable consequence of that design.

Whether INDOT should have reasonably foreseen that a drunk (or drowsy or distracted) driver might cross the bridge's center line and injure an oncoming motorist is properly a question for a jury. Specifically, it must determine whether the intervening cause is the natural and foreseeable consequence of the alleged underlying negligent design. This is a factual question of foreseeability that a jury must decide. *See Nat'l R.R. Passenger Corp. v.*

*Everton by Everton*, 655 N.E.2d 360, 366–67 (Ind.Ct.App.1995) ("The foreseeability of an intervening cause and, thus, whether the defendant's conduct is the proximate cause of the plaintiff's injuries, is a question of fact for the jury's determination."), *trans. denied* (1996). In the instant case, a jury could reasonably find that Porter's intoxicated driving was a primary proximate cause of the collision that injured Smith Correll; the question remains, however, whether this cause is a reasonably foreseeable consequence of INDOT's allegedly negligent redesign of the bridge.

Here, Porter's intoxicated driving had nothing to do with INDOT's redesign of the bridge roadway, but it had everything to do with causing Smith Correll's injuries. The jury's task is to determine whether the cause of her injuries (i.e., Porter's collision with her vehicle) was a reasonably foreseeable consequence of INDOT's allegedly negligent design. *See Hooks SuperX, Inc. v. McLaughlin*, 642 N.E.2d 514, 520 (Ind.1994) ("An intervening negligent act breaks the chain of causation only if the harm resulting from the intervening act could not have been reasonably foreseen by the original negligent actor.").

Because the issue presented is whether Smith Correll's injuries were proximately caused by INDOT's alleged negligence, the trial court erred in determining as a matter of law that the drunk driver's conduct was unforeseeable. Like the plaintiffs in *Richardson*, Smith Correll presented sufficient evidence to raise a question of fact as to whether the redesign, construction, or maintenance of the bridge was the proximate cause of her injuries. Accordingly, we reverse the trial court's grant of summary judgment for INDOT and remand for further proceedings.

■ In so holding, we do not hold or imply that all two-lane roadways without a center barrier are negligently designed and constructed. Certainly, INDOT has a duty to Indiana motorists to design and construct reasonably safe roadways, taking into account numerous considerations such as traffic flow, topography, changing visibility and weather conditions, and time and budgetary constraints. "Whether a duty to exercise care arises is governed by the relationship between the parties and is an issue of law. . . . When found to exist, the duty is to exercise reasonable care under the circumstances, and this duty never changes. However, the standard of conduct required to meet that duty varies based on the circumstances." *City of Indpls. Hous. Auth. v. Pippin*, 726 N.E.2d 341, 345 (Ind.Ct.App.2000) (citations omitted).

Although it might be desirable for all two-lane roadways to be designed and constructed with center barriers that would prevent collisions such as the one in the instant case, we should recognize that it is not always geographically or economically appropriate or feasible to do so. INDOT is entrusted with determining the appropriateness and feasibility of designing and constructing such barriers, and it is ultimately for a jury to decide under the particular facts of each case whether INDOT had (and breached) a duty to design and construct a barrier. *See Jacques v. Allied Bldg. Servs. of Indiana, Inc.*, 717 N.E.2d 606, 608 (Ind.Ct.App.1999) ("Whether a duty exists is generally a question of law for the court to determine. However, factual questions may be interwoven in this issue, thus rendering the existence of a duty a mixed question of law and fact, ultimately to be resolved by the fact-finder.") (citation omitted).

Reversed and remanded.[1]

BROOK, C.J., and DARDEN, J., concur.

---

1. Given our resolution of the case, the issue of whether the probable cause affidavit should have been stricken because it was not based upon personal knowledge is moot. In any

event, we agree with INDOT that the trial court's denial of Smith Correll's motion to strike the affidavit had no impact on the summary judgment question because the affidavit was merely cumulative of other designated materials establishing Porter's intoxication.