## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 28 2015, 10:09 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS

Brett E. Osborne
Hocker & Associates, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Edward D. D'Arcy, Jr.
Michael M. Oberman
Doherty & Progar LLC
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Steven DuPont and April DuPont, on Behalf of Minor Child M.D.,

*Appellants-Plaintiffs,*

v.

Kiddie Academy of Fishers and Kiddie Academy Childcare Learning Centers, Inc.,

*Appellees-Defendants.*

January 28, 2015

Court of Appeals Cause No. 29A02-1408-CT-602

Appeal from the Hamilton Superior Court.
The Honorable William J. Hughes, Judge.
Cause No. 29D03-1303-CT-2422

**Barteau, Senior Judge**

# Statement of the Case

Steven DuPont and April DuPont, on behalf of their minor child M.D., appeal the trial court's denial of their motion to correct error following the court's grant of summary judgment to Kiddie Academy of Fishers (Kiddie Academy Fishers) and Kiddie Academy Childcare Learning Centers, Inc. (Kiddie Academy Franchisor). We affirm in part, reverse in part, and remand.

# Issues

The DuPonts raise two issues, which we restate as:

> I. Whether the trial court erred in denying their motion to correct error as to Kiddie Academy Fishers.

> II. Whether the trial court erred in denying their motion to correct error as to Kiddie Academy Franchisor.

# Facts and Procedural History

Kiddie Academy Fishers operates a child care center. It is a franchisee of Kiddie Academy Franchisor, a limited liability corporation that is incorporated in Delaware and based in Maryland. The two companies executed a franchise agreement in 2009.

M.D.'s parents enrolled her at Kiddie Academy Fishers' child care center. In October 2010, when M.D. was four years old, an employee of the center discovered M.D. and a four-year-old boy, unsupervised, in a bathroom. M.D.

was in a stall. Her pants were pulled down, and she was crouched down so that her buttocks were visible below the stall door.

[5] The incident was reported to the Indiana Department of Child Services, and caseworker Rachel Parrett investigated. Parrett interviewed M.D., who told her that the boy had said he was going to "lick [her] butt." Appellants' App. p. 178. The boy had made a similar statement before, and April DuPont had e-mailed Kiddie Academy Fishers about it. *Id.*

[6] Parrett visited the day care center and interviewed the boy. Kiddie Academy Fishers changed its procedures for monitoring children's use of the bathroom. Parrett concluded that there was "inappropriate" conduct between the two children. *Id.* at 176. There was no evidence of sexual abuse by an adult. The DuPonts chose to withdraw M.D. from the center, and Parrett closed her investigation with no further action.

[7] The DuPonts observed changes in M.D.'s emotional state after the incident. She exhibited "severe separation anxiety, [was] angry and having emotional outbursts, she . . . regressed in her potty training in that she [was] now wetting the bed at night, she [was] having relationship and trust issues and [was] acting out with other children." *Id.* at 185. Furthermore, M.D. "is having a difficult time understanding what happened with [the boy]. She is very emotional when the topic of Kiddie Academy is discussed with her." *Id.* at 188.

[8] The DuPonts sued Kiddie Academy Fishers and Kiddie Academy Franchisor, alleging negligent supervision and gross negligence. Kiddie Academy Fishers

and Kiddie Academy Franchisor jointly filed a motion for summary judgment. The DuPonts filed a response, and Kiddie Academy Fishers and Kiddie Academy Franchisor filed a reply. After a hearing, the trial court granted the motion for summary judgment.

[9] Next, the DuPonts filed a motion to correct error. The court denied the motion, and this appeal followed.

## Discussion and Decision

### I. Standard of Review

[10] In general, we review a trial court's ruling on a motion to correct error for an abuse of discretion. *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010), *trans. denied*. However, the DuPonts' motion to correct error sought to set aside the entry of summary judgment, so that standard of review is relevant to our discussion. *See Old Utica Sch. Pres., Inc. v. Utica Twp.*, 7 N.E.3d 327, 330 (Ind. Ct. App. 2014), *trans. denied*.

[11] Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56; *State Farm Fire & Cas. Co. v. T.B. ex rel. Bruce*, 762 N.E.2d 1227, 1230 (Ind. 2002). We construe all facts and reasonable inferences drawn therefrom in a light most favorable to the non-moving party. *State Farm*, 762 N.E.2d at 1230. Summary judgment is not a summary trial and may not be used as a substitute for trial in determining factual disputes. *Hughley v. State*, 15 N.E.3d 1000, 1004-05 (Ind. 2014).

[12] Although the nonmovant has the burden of demonstrating the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that the nonmovant was not improperly denied its day in court. *Ind. Dep't of Envtl. Mgmt. v. Med. Disposal Servs., Inc.*, 729 N.E.2d 577, 579 (Ind. 2000). Summary judgment is generally inappropriate in negligence cases because issues of contributory negligence, causation, and reasonable care are more appropriately left for the trier of fact. *Estate of Mintz v. Connecticut Gen. Life Ins. Co.*, 905 N.E.2d 994, 999 (Ind. 2009).

## II. Grant of Summary Judgment to Kiddie Academy Fishers

[13] Before turning to the merits of the DuPonts' negligence claim, we address the parties' dispute over the deposition testimony of Rachel Parrett. The DuPonts claim that the trial court should not have considered Parrett to be an expert witness. In response, the Kiddie Academies claim that the DuPonts waived this claim for appellate review or, in the alternative, invited any error.

[14] We conclude that this particular dispute is immaterial to this appeal. A trial court may admit expert witness testimony if certain conditions are met. *See* Indiana Evidence Rule 702. In the record before us, neither party moved the trial court to consider Parrett as an expert witness. In addition, the court never stated that it considered Parrett to be an expert. Thus, it appears that Parrett was not an expert witness, and we consider her deposition testimony accordingly.

[15] The DuPonts assert the trial court erred by denying their motion to correct error because the court should not have granted summary judgment to Kiddie Academy of Fishers on their negligent supervision claim. The tort of negligence has three elements: (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty; and (3) injury to the plaintiff proximately caused by the breach. *Cincinnati Ins. Co. v. Davis*, 860 N.E.2d 915, 923 (Ind. Ct. App. 2007).

[16] The parties' arguments focus on the element of causation. An injurious act must be both the proximate cause and the cause in fact of an injury. *Correll v. Ind. Dep't of Transp.*, 783 N.E.2d 706, 707 (Ind. Ct. App. 2002), *trans. denied*. An act or omission is the proximate cause of an injury if the ultimate injury is one that was foreseen, or reasonably should have been foreseen, as the natural and probable consequence of the act or omission. *Romero v. Brady*, 5 N.E.3d 1166, 1170 (Ind. Ct. App. 2014), *trans. denied*. In general, causation, and proximate cause in particular, are questions of fact to be resolved by the trier of fact. *Correll*, 783 N.E.2d at 707.

[17] Here, in response to the motion for summary judgment, the DuPonts designated three of their responses to interrogatories. One interrogatory stated, "As a result of the occurrence alleged in the complaint, did the minor child M.D. suffer any physical, mental, or emotional injury? If so, describe in detail the physical, mental, or emotional injuries suffered." Appellants' App. p. 185. In response, the DuPonts stated, "M.D. is experiencing severe separation anxiety, is angry and having emotional outbursts, she has regressed in her potty

training in that she is now wetting the bed at night, she is having relationship and trust issues and is acting out with other children." *Id.* Another interrogatory asked for a description of any ongoing "pain, problem, or disability" that M.D. "sustained as a result of the occurrence alleged in your complaint." *Id.* at 188. In response, the DuPonts stated, "M.D. is suffering from emotional and cognitive confusion and is having a difficult time understanding what happened with [the boy]. She is very emotional when the topic of Kiddie Academy is discussed with her." *Id.*

[18] Viewing the facts in the light most favorable to the nonmovants, the DuPonts, they have presented evidence that M.D.'s interaction with the other child at Kiddie Academy Fishers, which they assert would not have happened but for Kiddie Academy Fishers' negligent supervision, caused her to experience injury in the form of emotional trauma. Based on this evidence, some type of emotional injury resulting from unsupervised bathroom interactions was reasonably foreseeable.

[19] Kiddie Academy Fishers notes that Parrett testified in her deposition that she did not observe any signs that M.D. was harmed as a result of the incident. The DuPonts' interrogatory responses and Parrett's deposition testimony establish a dispute of material fact in regards to causation that must be resolved by a finder of fact.

[20] Next, Kiddie Academy Fishers argues that the DuPonts, as laypersons, are unqualified to state whether the children's bathroom interaction caused M.D. to

experience emotional harm and should have submitted evidence from an expert witness. The cases Kiddie Academy Fishers cites on this point address questions of pre-existing injuries or unusual medical conditions and are factually distinguishable. *See Topp v. Leffers*, 838 N.E.2d 1027, 1033 (Ind. Ct. App. 2005) (expert testimony needed to establish causation where plaintiff had preexisting injury and contended that auto accident exacerbated a prior injury), *trans. denied*; *Turner v. Davis*, 699 N.E.2d 1217, 1220 (Ind. Ct. App. 1998) (expert testimony needed to establish that an auto accident caused plaintiff to develop a sleeping condition), *trans. denied*; *Daub v. Daub*, 629 N.E.2d 873, 878 (Ind. Ct. App. 1994) (plaintiff's testimony, standing alone, is insufficient to establish causation where plaintiff suffered multiple injuries at different times; expert witness was required to address the issue of causation), *trans. denied*.

[21] Causation in a negligence case need not always be proven by expert testimony. *Smith v. Beaty*, 639 N.E.2d 1029, 1034 (Ind. Ct. App. 1994). As the *Daub* court noted, evidence from an expert witness is necessary when the issue of cause is not within the understanding of a lay person. 629 N.E.2d at 878.

[22] Here, the DuPonts claim that M.D. experienced emotional injury as a result of her interaction with another child in the bathroom. We cannot conclude that assessing the existence and extent of emotional harm is beyond the understanding of a lay person such that the DuPonts were required to submit evidence from an expert witness instead of, or in addition to, their interrogatory responses. *See Smith*, 639 N.E.2d at 1034 (plaintiff's lay testimony was sufficient to provide proof that defendant caused plaintiff's broken ribs).

[23] Kiddie Academy Fishers also argues that M.D. was not injured by the restroom incident. In order to establish liability, a plaintiff must demonstrate an injury. Without a connection between the breach of duty and an injury, causation fails. *Robertson v. B.O.*, 977 N.E.2d 341, 344-345 (Ind. 2012). The DuPonts' interrogatory responses provide sufficient evidence of an injury to M.D. to create a dispute of material fact. We reverse the denial of the DuPonts' motion to correct error with respect to the grant of summary judgment to Kiddie Academy Fishers.

## III. Grant of Summary Judgment to Kiddie Academy Franchisor

[24] The DuPonts also challenge the denial of their motion to correct error with respect to the trial court's grant of summary judgment in favor of Kiddie Academy Franchisor. They argue that they established a dispute of material fact as to whether Kiddie Academy Franchisor owed a duty of care to them. Specifically, they claim that as the franchisor for Kiddie Academy Fishers, Kiddie Academy Franchisor contractually exercised a high degree of control over the child care center and in so doing assumed a duty of care for the children at the center.

[25] The DuPonts fail to cite to any legal authority on the issue of franchisor liability or any legal authority on contracts in general. Indeed, in their Appellants' Brief and Reply Brief they do not cite to any cases or statutes in support of their claim against Kiddie Academy Franchisor. They have waived this claim for appellate review. *See Scribner v. Gibbs*, 953 N.E.2d 475, 485 (Ind. Ct. App. 2011) (claim of

mistake or fraud waived due to failure to cite any legal authority on those topics). We affirm the trial court's denial of the DuPonts' motion to correct error with respect to the grant of summary judgment to Kiddie Academy Franchisor.

# Conclusion

For the reasons stated above, we affirm the judgment of the trial court in part, reverse in part, and remand for further proceedings.

Affirmed in part, reversed in part, and remanded.

Crone, J., concurs. Vaidik, C.J., concurs in result.